**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK E. LYMAN and DIANA LYMAN,

                            Plaintiffs

    v.                                                   No. 06-CV-1109
                                                     (LEK/DRH)

VICTOR E. PIZZOLA, Detective,

                            Defendant.

BISHOP HOWARD HUBBARD,

                            Non-Party Movant.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**ORDER**

      Plaintiffs Mark E. and Diana Lyman (collectively the 'Lymans") commenced this action on September 15, 2006 alleging violations of their civil rights under 42 U.S.C. § 1983 and related federal and state law provisions. Compl. (Docket No. 1). The complaint named as defendants the City of Albany and its police department, the Mayor, two Chiefs of Police, the Corporation Counsel, five named police officers, and one "John Doe" and one "Jane Doe" defendants. Id. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 35. In a decision filed March 3, 2008, the district court granted defendants' motion as to all claims and all defendants except the Lymans' claim under the Fourth Amendment alleging an unlawful post-arrest search of plaintiff Mark E. Lyman by defendant Victor E. Pizzola acting in his individual capacity. Docket No. 60.

While defendants' motion to dismiss was pending, the Lymans served a notice for the deposition of then defendant Mayor Jerry[1] Jennings. Defs. Motion (Docket No. 45, pt. 1) at 1. Defendants moved to quash that notice on the ground that Mayor Jennings lacked any personal knowledge of or involvement in the matters alleged in by the Lymans. Id. at 1-2. the Lymans also served a subpoena for the deposition of Howard J. Hubbard, the Bishop of the Roman Catholic Diocese of Albany. Hubbard Aff. (Docket No. 48, pt. 2) at ¶¶ 2, 3. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) and (B), Bishop Hubbard moved to quash the subpoena also on the ground that he lacked personal knowledge of or involvement in the matters alleged by the Lymans. Docket No. 48. The Lymans opposed both motions. Docket Nos. 54, 55.

As noted, the only claim remaining in this case is the allegation that defendant Pizzola, acting in his individual capacity, unlawfully searched Mark Lyman's car subsequent to Mark Lyman's arrest on April 9, 2006. Docket No. 60. Viewing the record in the light most favorable to the Lymans, no facts or circumstances have been offered which would tend even to suggest that either Mayor Jennings or Bishop Hubbard had any personal knowledge of or involvement in that search. Absent such knowledge or involvement, no legitimate basis exists for the deposition of either individual.

WHEREFORE, it is hereby

**ORDERED** that:

    1. Defendants' motion to quash the notice of deposition for Mayor Jennings

---

[1] This defendant is identified in the caption of the complaint as "Jerry" Jennings. Compl. It appears that his correct name is "Gerald" Jennings. See Defs. Mot. at 1.

(Docket No. 45) is **GRANTED**;[2] and

      2. The motion of non-party Bishop Hubbard to quash the Lymans' subpoena for his deposition (Docket No. 48) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  March 25, 2008
         Albany, New York

*[signature]*
United States Magistrate Judge

---

[2] As noted, Mayor Jennings has now been dismissed as a defendant in this action. As he is no longer a party, a notice of deposition is ineffective to compel his appearance for a deposition and that deposition could only be obtained for Mayor Jennings as a non-party pursuant to Rule 45.  In the alternative, however, deeming the Lymans' notice of deposition as a Rule 45 subpoena and defendants' motion s one to quash a subpoena, defendants' motion is also granted under Rule 45 for the same reason.