UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK E. LYMAN and DIANA LYMAN,

                Plaintiffs,

   -against-                                       **Civil Action**
                                                       **No. 06-CV-1109**
CITY OF ALBANY, OFFICE OF CORPORATION COUNSEL, **(LEK/DRH)**
MAYOR JERRY JENNINGS, CHIEF JAMES TURLEY,
CHIEF JAMES TUFFEY, LIEUTANANT DANIEL J.
COLONNO, DETECTIVE BREEN, DETECTIVE VICTOR
E.PIZZOLA, OFFICER ANTHONY GUINTA, ALBANY
POLICE DEPARTMENT, THOMAS MARTIN. JOHN DOE
and JANE DOE,

                Defendants.
_____

## MEMORANDUM OF LAW

                                      JOHN A. ARETAKIS
                                      Bar Roll # 101049
                                      Attorney for Plaintiff
                                      353 East 54th Street
                                      New York, New York 10022-4965
                                      (917) 304-4885
                                      Facsimile (518) 286-3065

## THE MOTION TO RECUSE IS APPROPRIATE

The due process clause of the U.S. Constitution entitles a person to an impartial and disinterested party in both civil and criminal cases. <u>Marshall v. Jerrico, Inc</u>., 446 U.S. 238, 242, 100 S.Ct. 1610, 1613 (1980).  The due process clause marks the outer boundaries of judicial disqualification. <u>Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 828, 106 S.Ct. 1580, 1589 (1986).  The Plaintiff has made out a good faith basis for which to allege bias and/or prejudice or the appearance of impropriety and thus recusal is appropriate, likewise a vacatur of a prior order of dismissal.

If recusal is appropriate, the Appellate Court will reassign the case.  To reassign a case under §2106, the Appellate Court will find that the facts "might reasonably cause an objective observer to question" the Judge's impartiality.  <u>Lilje Health Servs. Acquisition Corp</u>., 486 U.S. 847, 865, 108 S.Ct. 2194, 2205 (1988); <u>U.S. v. Microsoft Corp</u>., 56 F.3rd 1448, 1463 (D.C. Cir. 1995); see <u>In re IBM Corp</u>., 45 F3d 641, 645 (2d Cir. 1995) (Invoking its §2106 power to reassign a case after the district court judge denied a motion to recuse and underlying litigation deferred pending motion for writ of mandamus).

If the judge has a personal bias or prejudice in favor of any adverse party or about the subject matter of the suit, recusal is appropriate. 28 U.S.C. §§144, 455(b)(1).  In determining whether the judge must recuse himself, the question is whether a reasonable person should be convinced the judge was biased.  <u>Hook v. McDade</u>, 89 F.3d 350, 355 (7th Cir.1996).  Recusal is required if actual bias or prejudice is demonstrated.  Id.  In this case, Judge Kahn is a former employee of a Defendant, and is alleged to be a close friend of a witness who is adverse to the Plaintiff.  These matters were never disclosed and had disclosure occurred, the Plaintiff could have researched other potential conflicts and made this Motion soon.

If the district judge's impartiality might reasonably be questioned, the judge should recuse himself.  28 U.S.C. §455(a); <u>Harold v. Price Waterhouse</u>, 51 F.3d 1412, 1416 (9th Cir.1995); <u>People Helpers Found, Inc. v. City of Richmond</u>, 12 F.3d 1321, 1325 (4th Cir.1993). In determining whether the district judge must recuse himself under §455(a), the question is whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits; this is an objective standard viewed from the perspective of the well-informed, thoughtful observer rather than an unduly sensitive person.  <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 865, 108 S.Ct. 2194, 2205 (1988).  Since Mark Lyman has been the principal antagonist of Bishop Hubbard, and Bishop Hubbard and the Court has what appears to be a close and longstanding relationship, recusal should issue.

The public's confidence in the judiciary will be irreparably harmed if the case is allowed to proceed before a judge who appears to be tainted.  <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155, 162 (3d Cir. 1993).  It is believed a judge should hazard on the side of caution in a recusal motion, and especially since Courts are trending towards more full disclosure and recusal.

The Court of Appeals in <u>People v. Moreno</u>, 70 NY2d 403 (1987) has noted that in some situations it may be a better practice for a Court to disqualify itself in an effort to maintain the appearance of impartiality and an abuse of discretion will result in a reversal.  See also <u>People v. Mundhenk</u>, 141 Misc 2d 795, at 796.  In this case, the Corporation Counsel's office and Defendants will not be substantially prejudiced should the Motion to dismiss or recusal be heard or reargued before another Judge.

"Not only is it the duty of a judge to render a righteous judgment, but it is of transcendent importance to the litigants and the public generally that there should not be the

3

slightest suspicion as to his fairness and integrity . . . The people should not exact less from the judiciary, the most powerful branch of our government." <u>People v. Kessler</u>, 77 Misc 2d 640, 643. Should Plaintiff Mark Lyman's argument that recusal should have issued in the first instance, then the dismissal of most of his claims should respectfully be vacated.

If the public perceives bias, then a judge's ability to be impartial may be compromised. "This Court has noted that it may be the better practice in some situations for a Court to disqualify itself in a special effort to maintain the appearance of impartiality." <u>People v. Moreno</u> at 406. <u>Corradino v. Corradino</u>, 48 NY2d 894, 894. When a litigant raises an objection of possible bias, a factual demonstration supporting a claim of bias is properly the subject of review. <u>Matter of Suppen v. Ad. Review Bd for Professional Me. Conduct</u>, 244 AD2d 790, 791 *lv. denied* 92 NY2d 802.

In the case at bar, the Plaintiff has advanced evidence indicative of bias, prejudice or partiality. The equities weigh far in favor of the Plaintiff in this case. The Court's dismissal Order is believed to have dismissed claims that were not even moved against by the Defendants. If this is in fact accurate, then the dismissal itself is further indicative of a bias or a prejudice to the Plaintiff Mark Lyman.

"Tests for appearance of partiality on the part of the judge so as to require recusal under 28 U.S.C.A ξ455(a) is whether an objective, disinterested observer fully informed of facts underlying grounds on which recusal was sought would entertain significant doubt that justice would be done in case." <u>United States v. Murphy</u>, 768 F2d 1518 (1985).

"The rule, under 28 U.S.C.A. ξ 455(a), that judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned is designed to put extra

4

measure of safety into judicial system, and, when such extra measure fails, result is regrettable, and the judicial system as a whole suffers." Id at 1523.

The decision to recuse in this instance was a matter of an objective observation of partiality or an appearance of a possible conflict (see, *People v. Smith*, 63 NY2d 41, 68, *cert denied,* 469 US 122; *Greenman v. Greenman*, 175 AD2d 360, *lv dismissed* 78 NY2d 1124). *Ellis v. Ellis,* 235 AD2d 1004.  Since bias and an appearance of impropriety, and a perceived bias have credibly been alleged by the Plaintiff, recusal is warranted.

Section 100.2(A) requires a Judge to "respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of Judiciary."  See *Grayned v. City of Rockford,* 92 S.Ct. 2294, 2298-99 (1972).

In the case at bar, if recusal is and was appropriate at the time of the dismissal, then the dismissal should be vacated, and should be heard before a neutral arbiter in the interests of justice.  Reargument is appropriate as the recusal motion is timely and appropriate and relates back to the dismissal.

## CONCLUSION

The Plaintiff Mark Lyman respectfully requests that the Court recuse itself and that reargument issue, and in the interests of justice that the Court vacate any and all prior orders of dismissal and for any other further relief that is just and appropriate.

                                               _/s/_
                                         JOHN A. ARETAKIS
                                         Bar Roll 101049
                                         Attorney for Plaintiff
                                         353 East 54th Street
                                         New York, New York 10022-4965
                                         (212) 751-7853